**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEWIS A. ZIPKIN, TRUSTEE | ) | **CASE NO.:** _____ |
| *On his own behalf and for* | ) | |
| *all others similarly situated* | ) | **JUDGE:** _____ |
| 3637 South Green Road | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| THE CITY OF SOUTH EUCLID, OHIO | ) | |
| South Euclid City Hall | ) | |
| 1349 South Green Road | ) | **JURY TRIAL DEMANDED** |
| South Euclid, Ohio 44121 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| WALTER BALESTER | ) | |
| *In his individual capacity* | ) | |
| 3359 Kenmore Road | ) | |
| Shaker Heights, Ohio 44122 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| PAUL KOWALCZYK | ) | |
| *In his individual capacity* | ) | |
| 4639 Wilburn Drive | ) | |
| South Euclid, Ohio 44121 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR CLASS**

Now comes Plaintiff, LEWIS A. ZIPKIN, TRUSTEE, on behalf of himself and all other similarly situated owners of property located in The City of South Euclid, Ohio, avers and alleges as follows:

## INTRODUCTION

This is a collective action for damages and injunctive relief brought by Plaintiff Lewis A. Zipkin, Trustee, on his own behalf and on behalf of all those similarly situated individuals, against Defendants The City of South Euclid, Ohio, Walter Balester, and Paul Kowalczyk, to require the Defendants to pay damages and prevent Defendants from having a custom and practice or tacitly approving entering premises of commercial property for inspection purposes, without the title owner's permission or other third parties who can give such permission, in violation of South Euclid Local Ordinance 1605.02 and, without probable cause, in violation of the United States Constitution Fourth Amendment. Also, from engaging in arbitrary, selective, and malicious prosecution of the South Euclid Building Code.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action is conferred pursuant to 42 U.S.C. §1983, 28 U.S.C. §1343, and 28 U.S.C. §1331.

2.    Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) as Defendants at all relevant times conducted business in this District in Cuyahoga County, resided in Cuyahoga County, and the causes of action alleged herein arose from Defendants' activities in Cuyahoga County.

2

## PARTIES

3.  Plaintiff Lewis A. Zipkin, Trustee ("Trustee") is an individual having an office at 3637 South Green Road, Beachwood, Ohio 44122. At all times material to this action and at the time of filing this action, Trustee has owned the commercial property located at 1976-1994 Warrensville Center Road, South Euclid, Ohio 44121 ("Warrensville Property").

4.  Defendant The City of South Euclid, Ohio ("South Euclid") is a duly created and duly operating municipal corporation existing under the laws of the State of Ohio and has its main office at South Euclid City Hall, 1349 South Green Road, South Euclid, Ohio 44121.

5.  Defendant Walter Balester ("Balester") is a Building Inspector for South Euclid and has an office at South Euclid City Hall, 1349 South Green Road, South Euclid, Ohio 44121. Balester is being sued in his individual capacity.

6.  Defendant Paul Kowalczyk ("Kowalczyk") is the Building Commissioner for South Euclid and has an office at South Euclid City Hall, 1349 South Green Road, South Euclid, Ohio 44121. Kowalczyk is being sued in his individual capacity.

7.  Trustee brings this lawsuit on behalf of himself and all similarly situated parties, namely any and all current or former commercial property owners in South Euclid, who received unlawful inspections and selective criminal citations or charges for building violations by South Euclid's Building Department.

## FACTS

8.    Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff's Complaint as if fully re-written herein.

9.    The Warrensville Property, located in South Euclid, is owned by Trustee.

10.   Plaintiff and Plaintiff's Class owned real estate in South Euclid.

11.   On or about April 3, 2013, Balester entered onto the Warrensville Property in order to conduct an inspection without obtaining permission from Trustee as is required by South Euclid Local Ordinance Section 1605.02.  Based upon an inspection Balester conducted while on the Warrensville Property on April 3, 2013, Balester issued a notice of building violations to Lewis A. Zipkin, individually, for alleged violations of South Euclid's Building Code at the Warrensville Property.

12.   On or about May 9, 2013, Balester entered onto the Warrensville Property in order to conduct another inspection without obtaining permission from Trustee as is required by South Euclid Local Ordinance Section 1605.02.  Based upon the inspection, issued a final notice of building violations to Lewis A. Zipkin, individually, for alleged violations of South Euclid's Building Code at the Warrensville Property.

13.   Trustee disputes the validity of the alleged violations being applicable to the Warrensville Property.

14.   Kowalczyk is the Building Commissioner for South Euclid and is Balester's direct superior.

15.   Kowalczyk, as Balester's superior, approved the issuance of Balester's April 3rd and May 9th, 2013 building violation notices that were predicated on Balester's previous unlawful entries onto the Warrensville Property without having obtained permission from Trustee.

4

16.     Balester, using his own personal judgment, chose when and how to inspect the Warrensville Property.

17.     South Euclid's Building Code Ordinances require an inspector to first obtain permission before entering the premises of a property owner.

18.     There is no system-wide policy in place at South Euclid to determine or assess which commercial properties are to be inspected and on what schedule.

19.     There is no system-wide policy in place at South Euclid to provide commercial property owners with notice of inspection.

20.     On April 3rd, 2013 Balester inspected the Warrensville Property without obtaining permission from Trustee, Trustee's agents, or any authorized occupants.

21.     On May 9th, 2013 Balester inspected the Warrensville Property without obtaining permission from Trustee, Trustee's agents, or any authorized occupants.

22.     Balester never sought permission from anyone to inspect the Warrensville Property.

23.     Upon receipt of Balester's notices of building violations, actions necessary to correct the alleged violations were taken.

24.     Prior to June 30, 2013, most of the alleged violations cited by Balester had been corrected.

25.     In some cases, contractors and representatives involved in correcting the alleged violations of South Euclid's Building Code sought to contact Balester for guidance as to the steps necessary to correct certain violations.

26.     Balester never acknowledged or responded to such inquiries made to him by those contractors and representatives with regard to the alleged violations.

5

27.     Despite the fact that the majority of the alleged violations had been corrected, and a good faith effort was being made to correct the remaining violations cited by Balester, Balester, on or about September 27, 2013, with the express knowledge and approval of his superior, Kowalczyk, issued eleven criminal citations in the South Euclid Municipal Court for building code violations at the Warrensville Property.

28.     The eleven criminal citations issued on or about September 27, 2013 were charged against Lewis A. Zipkin, individually, not as Trustee, the titled owner of the Warrensville Property.

29.     Neither Balester nor Kowalczyk, at the time of re-issuing the citations, re-inspected the Warrensville Property prior to issuing the September 27, 2013 criminal citations, and that neither Balester nor Kowalczyk made any effort to identify the record owner of the Warrensville Property prior to issuing said criminal citations.

30.     Had Balester and/or Kowalczyk conducted an inspection of the Warrensville Property in accordance with the South Euclid Local Ordinances prior to the date of the criminal citations, it would have been clear that most of the alleged violations had been corrected.

31.     In fall of 2012 Trustee, with the assistance of an architect, began plans for a storefront renovation of the façade of the Warrensville Property.

32.     Balester and Kowalczyk knew that Trustee was preparing to embark on a major renovation of the Warrensville Property.

33.     Further, Balester and Kowalczyk knew, prior to issuing the criminal citations on or about September 27, 2013, that Trustee had begun the process of obtaining approval for renovation of the Warrensville Property.

34. Balester and Kowalczyk also knew that South Euclid's established practice was to defer citing non-emergency violations until planned renovations that would correct those violations were completed.

35. The criminal charges filed on or about September 27, 2013 were fundamentally defective in several regards, to wit: the charges did not name the proper property owner as defendant; the charges cited violations that could not and did not exist; the charges cited violation of non-existent sections of the South Euclid Building Code, the charges cited violation of the South Euclid Housing Code (that expressly did not apply to commercial property), the charges cited violations that had been corrected, and the charges cited violations that were to be corrected (and ultimately were corrected) as part of the planned renovation of the Warrensville Property.

36. On or about November 25, 2013, at a hearing in the South Euclid Municipal Court for the September 27, 2013 criminal citations, it was pointed out to Balester and the Court that each of the citations were legally deficient because they cited the incorrect property owner.

37. Balester protested the fact that he would be required to cause the criminal citations to be issued again, this time against the proper property owner.

38. All criminal complaints against Lewis A. Zipkin, individually, were dismissed, and the case was fully resolved in Lewis A. Zipkin's favor.

39. On or about December 3, 2013, Balester, still acting with Kowalczyk's knowledge and approval and notwithstanding the clear evidence of substantial compliance with all applicable provisions of the South Euclid Building Code and with knowledge of the

planned renovation of the property, reissued ten of the eleven criminal citations in the name of Trustee, the owner of the Warrensville Property.

40.     The reissued criminal citations were identical to the first set of citations.  As such, save for the fact that the second set of criminal citations named Trustee (the actual property owner as defendant), the second set of criminal citations were subject to the same myriad of defects that infected the first set of criminal citations.

41.     The reissued criminal citations also were defective in that Trustee was never given notice of administrative appeal rights and was never given an opportunity to be heard before administrative agencies before being cited criminally, as required in the South Euclid Building Code.

42.     Neither Balester nor Kowalczyk inspected the Warrensville property between November 25, 2013 and December 3, 2013.

43.     The citations issued on December 3, 2013 addressed violations that had clearly been corrected, and violations that would be corrected through the renovation of the property.

<u>**COUNT ONE**</u>
<u>**(Individual Liability for Lack of Due Process of Law)**</u>

37.     Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff's Complaint as if fully re-written herein.

38.     At all times material to this action, South Euclid Local Ordinances contained Section 1605.02 which provided as follows:

> The Building Commissioner or any of his designated agents may at any reasonable hour enter any building, structure, or premises within the City to perform any duty imposed by this Code provided that permission to enter is obtained from the occupant or, in the case of an unoccupied property from the owner or his agent.  If such permission is refused or is otherwise unobtainable, a search

8

> warrant must be obtained before such entry or inspection is made, except in the case of an existing emergency in which entry may be made at any time and no search warrant is necessary.  No person shall refuse to permit such emergency entry or inspection, nor shall any person hinder, obstruct, resist or abuse any person making or attempting to make such entry or inspection.

Section 1605.02, therefore established the mandatory procedure for properly and validly inspecting property located in South Euclid.

39.    On April 3, and May 9, 2013, Balester entered upon the Warrensville Property for the express purpose of conducting inspections of the Warrensville Property.  On those  days, there was no emergency situation existing at the Warrensville Property.  Prior to entering upon the Warrensville Property to inspect it, Balester neither sought nor received the permission of any occupant of the Warrensville Property, or of the Trustee to enter upon the Warrensville Property for the purpose of conducting an inspection.

40.    Balester's inspection of the Warrensville Property conducted on April 3, and May 9, 2013 was in direct violation of the clear, unambiguous, explicit, mandatory language of Section 1605.02.  Kowalczyk, Balester's direct superior, was aware of, and acquiesced in Balester's violation of Section 1605.02 as alleged herein.

41.    The unlawful inspection by Balester with Kowalczyk's knowledge and approval was the predicate for the criminal charges that were filed against Trustee by South Euclid on December 3, 2013.

42.    The violation of Trustee's due process rights by Balester and Kowalczyk as described herein directly and proximately caused Trustee to sustain economic damages and incur unnecessary expenses that will continue into the future.

43.   Balester's disregard of Section 1605.02 and Kowalczyk's acquiescence in Balester's unlawful entry upon and inspection of the Warrensville property in direct violation of Section 1605.02 occurred while Balester and Kowalczyk were acting within the scope of their employment with South Euclid and while both were acting under color of law, and violated rights secured to Trustee by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution which guarantee to all citizens the right to due process of law.

44.   Balester and Kowalczyk are liable to Trustee for damages.

45.   In denying Trustee the right to due process of law, Balester and Kowalczyk each acted willfully, wantonly, maliciously, and in reckless disregard for the rights of Trustee.

## COUNT TWO
### (Individual Liability for Due Process and Equal Protection Violations)

46.   Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff's Complaint as if fully re-written herein.

47.   Balester's and Kowalczyk's conduct as described herein constitutes selective prosecution of Trustee.

48.   Trustee has observed other commercial properties located in South Euclid, that were in conditions significantly worse than the condition of the Warrensville Property, and the owners of those properties have not engaged in anywhere near the actions taken by Trustee to comply with the South Euclid Building Code, yet Balester and Kowalczyk have not cited the owners of those properties criminally.

49.   Balester and Kowalczyk have shown, by their reckless conduct, such as refusing to inspect the Warrensville Property to determine compliance, ignoring the implication of the planned renovation of the Warrensville Property, issuing facially defective criminal

citations, and reissuing the facially defective criminal citations despite evidence of that compliance, that in citing Trustee criminally, they each have acted arbitrarily, in bad faith, and with malice. Balester and Kowalczyk did not have a rational basis for their actions taken against Trustee as alleged herein.

50. The selective prosecution of Trustee by Balester and Kowalczyk as described herein directly and proximately caused Trustee to sustain economic damages and to incur unnecessary expenses that will continue into the future.

51. The selective prosecution of Trustee by Balester and Kowalczyk took place while each of them was acting within the scope of his employment with South Euclid and under color of law, and violated rights secured to Trustee by the Fifth and Fourteenth Amendments to the United States Constitution which guarantee to all citizens equal protection under the law and the right to due process of law.

52. Balester and Kowalczyk are liable to Trustee for damages.

53. In selectively prosecuting Trustee, Balester and Kowalczyk each acted willfully, wantonly, maliciously, and in reckless disregard for the rights of Trustee.

## COUNT THREE
### (Municipal Liability for Due Process and Equal Protection Violations)

54. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff's Complaint as if fully re-written herein.

55. Balester and Kowalczyk were able to selectively prosecute Trustee, and to act arbitrarily and without a rational basis toward Trustee because of the policies, procedures, customs, and practices of South Euclid. Those policies, procedures, customs, and practices that enabled Balester and Kowalczyk to violate Trustee's constitutional right to Equal Protection under the law included, but were not limited to the following:

11

a.  Accepted disregard for applicable provisions of the South Euclid Local Ordinances;

b.  The insistence by the South Euclid City Prosecutor, a policy-maker for the city, that the criminal citations be re-filed exactly as written;

c.  Having no procedures in place designed to ensure that the actual property owner is named in such criminal citations;

d.  Having no standards or schedule for deciding which commercial properties located in South Euclid should be inspected;

e.  Having no system to ensure that written communications from owners of cited properties be delivered to and responded by the building inspector assigned to that property;

f.  Having no system to ensure that other forms of communication from owners of cited properties be delivered to and responded by the building inspector assigned to that property;

g.  Not requiring the building inspector assigned to a property to review correspondence to property owners relating to that property before such correspondence is sent out;

h.  Not requiring the building inspector assigned to a property to review violation notices relating to that property before such violations notices are sent out; and

i.  Not requiring the building inspector assigned to a property to review criminal citations directed against the owner of a property before such criminal citations are filed with the South Euclid Municipal Court.

56.  The policies and practices listed in paragraph 55 of this Complaint in addition to other actions by South Euclid that include, but are not limited to, the failure to have necessary

12

written policies and procedures, and written manuals constitute a failure to train Balester, Kowalczyk, and other similarly situated persons employed by the South Euclid Building Department.

57. As a direct and proximate result of the policies, customs, and practices instituted by South Euclid, and the failure to train employees as alleged herein, Balester and Kowalczyk were able to engage in selective enforcement of the South Euclid Building Code, and deprive Trustee of his constitutional rights to Due Process of law Equal Protection of the law. South Euclid is liable for damages, along with Balester and Kowalczyk for the damages sustained by Trustee as a direct and proximate result of the violation of Trustee's constitutional rights as alleged herein.

## COUNT FOUR
### (Injunctive Relief Against Municipality for Class)

58. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in each preceding paragraph of Plaintiff's Complaint as if fully re-written herein.

59. Plaintiff brings this injunctive relief class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all persons or entities that own commercial property in South Euclid.

60. At all times material to this action, South Euclid Ordinance Section 1605.02 was in full force and effect. Section 1605.02 provides that before South Euclid's Building Commissioner or any of his or her agents can enter upon any premises in South Euclid for official business, permission must be obtained from the property owner or an occupant of the property.

61. In entering upon Trustee's Warrensville Property, neither Balester, Kowalczyk, or any other person employed by South Euclid sought or received Trustee's advance permission

13

to be on the premises for official business or permission from any occupant of the property.

62.    The failure of Balester or Kowalczyk to obtain Trustee's permission or the permission of any occupant before entering onto the Warrensville Property to conduct official business is an example of a policy instituted by the city of South Euclid to disregard the requirements of Section 1605.02 when conducting inspections of commercial properties located in the city.

63.    The determination to ignore Section 1605.02 has been made by high-ranking policy officials of South Euclid and passed down to Balester, Kowalczyk, and other South Euclid personnel.

64.    The actions of South Euclid and its personnel in refusing to honor Section 1605.02 has violated the right to due process of law assured to Trustee by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

65.    As a direct and proximate result of the policy instituted by South Euclid of disregarding Section 1605.02, as alleged herein, Balester and Kowalczyk were able to deprive Trustee of his constitutional right to due process the law.

66.    Defendants are liable for damages sustained by Trustee as a direct and proximate result of the violation of Trustee's constitutional rights as alleged herein.

67.    South Euclid has violated the constitutional rights of other owners of commercial property located in South Euclid similarly situated to Trustee through its policy of ignoring the requirements set forth in Section 1605.02.

68.   Trustee reasonably believes that unless South Euclid is enjoined by this Honorable Court from ignoring the dictates of Section 1605.02, Trustee and all others similarly situated to Trustee will be deprived of their constitutional due process rights in the future.

69.   The number of persons who own commercial property in South Euclid is too numerous to make their joinder in this request for injunctive relief practical.

70.   Trustee's request for injunctive relief as alleged in this Complaint is based on facts and legal questions that are typical of claims for injunctive relief that other persons who own commercial real estate in South Euclid might raise in opposition to South Euclid's practice of conducting inspections of commercial property without honoring the requirements of Section 1605.02.

71.   The questions of fact and law inherent in Trustee's request for injunctive relief in this case are common to claims for injunctive relief that other owners of commercial property in South Euclid might assert.

72.   The named Plaintiff, Trustee, will fairly and adequately represent and protect the interests of all owners of commercial property in South Euclid. Trustee has interests that are coextensive with those of the members of the injunctive relief class that he seeks to represent.

73.   Final injunctive relief is properly maintainable under Civ.R. 23(b)(2) because South Euclid, Balester, and Kowalczyk acted or refused to act on grounds generally applicable to the injunctive relief class by its policy and practice of ignoring Section 1605.02 when conducting inspections of commercial properties, thereby making final injunctive relief or corresponding declarative relief appropriate with respect to the class as a whole.

74.     If South Euclid is not enjoined from ignoring the requirements of Section 1605.02, Trustee and all other owners of commercial property located in South Euclid will suffer irreparable harm for which there is no adequate remedy at law.

75.     Plaintiff's Class is numerous.

76.     The members of Plaintiff's Class would benefit from Court-supervised notice and the opportunity to join the present lawsuit. As such, they should be notified by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That Trustee be allowed to give notice, or that the Court issue such Notice, to all members of Plaintiff's Class in all locations within the City of South Euclid during the four years preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated informing them, that this action has been filed, the nature of this action, and of their right to opt-into this lawsuit if they owned commercial property in South Euclid and were issued criminal citations in violation of their constitutional rights;

B. That Trustee be awarded, on his own behalf, damages against Balester, Kowalczyk, and South Euclid, jointly and severally, for compensatory damages in an amount to be determined at trial;

C. That Trustee be awarded, on his own behalf, punitive damages against Balester and Kowalczyk, jointly and severally, in an amount to be determine at trial;

16

D. That Trustee and all such Plaintiffs be granted an order preliminarily and permanently enjoining South Euclid from disregarding the mandates of Section 1605.02 in the future.

E. That Trustee and all such Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action, and any other costs incurred as a direct and proximate result of South Euclid's disregard of the mandates of Section 1605.02 in the past, be paid by Defendants; and

F. That this Honorable Court award to Trustee such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ Alan H. Kraus*
Alan H. Kraus (#0025100)
Lazzaro and Kraus
Attorneys at Law
20133 Farnsleigh Road
Shaker Heights, Ohio 44122
Telephone: 216-831-8771
Telecopier: 216-991-6199

17

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

Respectfully submitted,

*/s/ Alan H. Kraus*
Alan H. Kraus (#0025100)

18