IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS A. ZIPKIN, TRUSTEE, | ) | CASE NO. 1:15-2505 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | **MOTION OF DEFENDANTS TO** |
| | ) | **DISMISS THE COMPLAINT OR IN** |
| THE CITY OF SOUTH EUCLID, OHIO, | ) | **THE ALTERNATIVE STAY THE** |
| et al. | ) | **PROCEEDINGS** |
| | ) | |
| Defendants. | ) | |

Now come defendants The City of South Euclid, Walter Balester, and Paul Kowalczyk ("Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), move this Court to dismiss the Complaint for the following reasons:  (1) Plaintiff is not the real party in interest and does not have standing to bring this lawsuit; (2) Count One is barred by the statute of limitation because the complained of searches took place more than two years prior to the filing of the Complaint; (3) Count Two fails to state a claim for an equal protection violation because Plaintiff has failed to identify similarly situated property owners; (4) because Plaintiff has not properly alleged a Section 1983 Civil Rights predicate violation against any individual defendant, Plaintiff cannot state a claim against the City of South Euclid for a *Monell* violation; and (5) for the same reasons stated in item #4 hereinabove, Plaintiff has failed to state claim for class certification.

Alternatively, should the Court decline to dismiss some or all of Plaintiff's claims, the remaining claims should be stayed pursuant to the *Younger* doctrine.  These grounds are more

00707274v1

fully set forth in the attached Memorandum in Support which is incorporated herein by reference.

Respectfully submitted,

/s/ Michael E. Cicero
MICHAEL E. CICERO (0058610)
AMY BERMAN HAMILTON (0040268)
NICOLA, GUDBRANSON & COOPER, LLC
Landmark Office Towers
1400 Republic Building
25 W. Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 621-7227
Fax:    (216) 621-3999
Email: cicero@nicola.com
        hamilton@nicola.com

Attorneys for Defendants
The City of South Euclid, Walter Balester, and
Paul Kowalczyk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS A. ZIPKIN, TRUSTEE, | ) | CASE NO. 1:15-2505 |
| | ) | |
|     Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
|   v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS THE** |
| THE CITY OF SOUTH EUCLID, OHIO, | ) | **COMPLAINT OR IN THE** |
| et al. | ) | **ALTERNATIVE STAY THE** |
| | ) | **PROCEEDINGS** |
|     Defendants. | ) | |

## I.    <u>INTRODUCTION</u>

This is a 42 U.S.C. § 1983 action in which Plaintiff alleges that his civil rights were violated when Walter Balester, an inspector for the City of South Euclid, performed two exterior inspections of his commercial property without permission or warrant.  Plaintiff seeks damages and injunctive relief on behalf of himself and "all similarly situated individuals."

Plaintiff's Complaints should be dismissed for the following reasons:  (1) Plaintiff is not the real party in interest because the property is owned by Lewis Zipkin individually, not Lewis A. Zipkin, trustee;  (2) Plaintiff's Complaint is barred by the two year statute of limitation for 42 U.S.C. § 1983 actions because the searches upon which plaintiff's Complaint is based occurred more than two years prior to the filing of the Complaint; (3) Plaintiff has failed to state an equal protection claim because he has not identified similarly situated property owners; (4) because Plaintiff has not properly alleged a Section 1983 Civil Rights violation against any individual defendant, Plaintiff cannot state a claim against the City of South Euclid for a *Monell* violation;

and (5) for the same reasons stated in item #4 hereinabove, Plaintiff has failed to state claim for class certification.

Alternatively, should the Court decline to dismiss some or all of plaintiff's claims, the Court should stay the remaining claims based on *Younger v. Harris*, 401 U.S. 37 (1971) because criminal charges are pending against Plaintiff in the South Euclid Municipal Court, which satisfy the requirements for *Younger* abstention.

## II.    STATEMENT OF FACTS

On April 3, 2013 and May 9, 2013, Walter Balester, an inspector in the City of South Euclid's ("City or "South Euclid") Building Department, performed a routine inspection of the exterior of a shopping center located at 1976-1994 Warrensville Center Road, South Euclid, Ohio (the "Property" or "Shopping Center").  The property is owned by Lewis A. Zipkin individually. [1]

Pursuant to the inspections, Balester mailed Zipkin notices of violations of the South Euclid Building Code.  Thereafter, after failing to correct the violations, the City filed its first complaint, signed by Balester as the complaining witness, against Zipkin as the owner of the shopping center on October 7, 2013.

An arraignment was held on November 25, 2013 at which Zipkin alleged the citations were insufficient because they cited the incorrect property owner.  Thereafter, the City voluntarily dismissed the citations.  (*See* Case No. CRB 13-00438 (A-J) South Euclid Municipal Court Criminal Docket attached hereto as Exhibit A[2]).

Thereafter, the City filed a Complaint against Lewis Zipkin, trustee, which was identical in all respects to the first Complaint, with the only difference being that Zipkin was identified as

---

[1] The ownership of the property is discussed more fully *infra* at pp. 6-9.
[2] This Court may consider the attached exhibits when ruling upon the within motion to dismiss, as they are public records.  *See, Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999)(noting that a court may consider exhibits to a motion to dismiss where the exhibits are "referred to in the plaintiff's complaint" or are public records) and *Gumble v. Waterford Twp.,* 171 Fed. Appx. 502, 507 (6th Cir. 2006).

4

a putative "Trustee."  (See Case No. CRB 13-00538 (A-J) South Euclid Municipal Court Criminal Docket attached hereto as Exhibit B [3]).

As of the date of the filing of the instant Motion, Case No. CRB 13-00538 remains pending before the South Euclid Municipal Court. (Exhibit B).

## III.   LAW AND ARGUMENT

### A.     The Fed. R. Civ. P. 12(b) (6) Standard.

"The purpose of Fed. R. Civ. P. 12(b) (6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995); *citing*, *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The factual allegations of a complaint (assumed to be true) must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id.* at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 566 U.S. 662 (2009), 129 S.Ct. at 1949. "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

---

[3] *Id.* at footnote 2.

*Ashcroft*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 566 U.S. 662 (2009), 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 557, at 1966. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- 'that the pleader is entitled to relief,'" as required under Fed. R. Civ. P. 8(a)(2). *Ashcroft*, 566 U.S. 662 (2009), 129 S.Ct. at 1950.

**B.      Plaintiff is not the Real Party in Interest; therefore, his Complaint must be dismissed.**

Fed. R. Civ. P. 17(a)(1) provides that an action must be brought in the name of the real party in interest.  The real party in interest is the individual entitled to enforce the right under the substantive law.  *Certain Interested Underwriters at Lloyd's v. Layne* 26 F.3d 39 (6th Cir. 1994). Here, the person whose rights have allegedly been violated is the property owner.  Plaintiff alleges that "Lewis A. Zipkin, trustee" is the property owner and thus, the real party in interest. However, under Ohio law, the mere inclusion of the word "trustee" is insufficient to change the legal effect of the deed.  As a matter of law, the property is owned by Zipkin individually, not as trustee.

R.C. 5301.03 states, in relevant part:

> "Trustees," "as trustee," or "agent," or words of similar import, following the name of the grantee in any deed … , without other language showing a trust or expressly limiting the grantee's … powers, or for whose benefit the same is made, or other recorded instrument showing such trust and its terms, do not give notice to or put upon inquiry any person dealing with said land that a trust or agency exists, or that there are beneficiaries of said conveyance … other than the grantee… .

R.C. 5301.03 was enacted in 1953, and has been invoked often by the Ohio Supreme Court and lower appellate courts since then.   For example, based upon this statute, the Ohio

Supreme Court held that the mere designation of a grantee as "trustee" in a deed, without other language showing that a trust actually exists, does not make the grantee a trustee of a trust. *Gammarino v. Hamilton County Bd. of Revision*, 84 Ohio St. 3d 155, 157-158 (Ohio 1998).   In so holding, the Supreme Court reasoned:

> [I]n order to engraft a trust upon an absolute deed, the declaration of such trust must be contemporaneous with the deed, and the evidence relied upon must be clear, certain and conclusive and must establish the existence of the trust beyond a reasonable doubt.

The Ohio Supreme Court therefore held that the term "Trustee" after Mr. Gammarino's name on the deed was "surplusage", with the result being that the property in question was owned by Mr. Gammarino personally.

The *Gammarino* court also cited *Hodgson v. Dorsey*, 230 Iowa 730, 298 N.W. 895 (1941), in which the Iowa Supreme Court was presented with the issue of whether a deed given to a grantee as "trustee," without any terms of the purported trust or the name of any beneficiary, was sufficient to create a trust.  The Iowa Supreme Court considered whether the designation "trustee" is merely a further identification of the named person or whether it indicated an intention to create a trust.  Relying on cases from other states, the Iowa Supreme Court held that the word "trustee", without more, did not create a trust, and that the grantee received the property unencumbered by any trust relationship.

In other words, the presence of the word "trustee" after a grantee's name, without more (such as the title and date of a pre-existing written trust agreement or a designated beneficiary), is insufficient to put another party on inquiry notice as to the existence or terms of a trust relationship, *Gammarino*, *supra*, or to notify other parties of limitations on the grantee's powers. *Marital Trust under Will of Casto v. Lungaro*, 22 Ohio St. 3d 298 (1986).

Although R.C. 5301.03 was enacted in order to protect parties who take title from grantors who are designated as trustees of undisclosed trusts, the same principle should be applied here to absolve the defendants from any duty to inquire as to the interests of third parties simply because Mr. Zipkin took title in his name, followed by the word "trustee".

Furthermore, it is well accepted that the burden of proving the existence of a trust rests with the party asserting it. *Gammarino*, *supra*. In order to establish the existence of a trust to support the designation of a grantee of a deed as "trustee", the declaration of such trust must be contemporaneous with the deed, and the evidence relied upon must be clear, certain and conclusive and must establish the existence of the trust beyond a reasonable doubt. *Bergholtz Coal Holding Co. v. Dunning*, 2006-Ohio-3401, P26-P29 (Ohio Ct. App., Lake County June 30, 2006). Although the existence of such a trust may be shown by parol evidence, the declaration of such trust still must be contemporaneous with the deed itself. *Id.*, citing *Russell v. Bruer*, 64 Ohio St. 1, 59 N.E. 740 (1901), paragraph two of the syllabus.

Lastly, any claim by Plaintiff that a trust was formed for purposes of the Internal Revenue Code is irrelevant because an arrangement can be a "trust" for tax purposes even if it does not otherwise meet the definition of a trust under applicable state law. *Rhiel v. OhioHealth Corp. (In re Hunter)*, 380 B.R. 753, 767 (Bankr. D. Ohio 2008).

In his Complaint, Plaintiff has failed to allege or attach as an Exhibit any direct proof, or even reliable circumstantial evidence, that the Warrensville Center Road property at issue in this case was intended to be held in trust for a specific beneficiary or beneficiaries, under a trust agreement that was in existence at the time the property was conveyed to him.

In this case, the General Warranty Deed conveying title to the Shopping Center was recorded at Vol. 93-14095, Page 42 on December 21, 1993. (See Exhibit "C"). Thus, any Trust

for which Zipkin could possibly claim to be the Trustee would need to be in existence as of that date, and clearly evident from the Warranty Deed itself. It is not. Accordingly, as a matter of law, the property is not owned by any "trustee" but by Zipkin personally.  Consequently, the "trustee" is not the real party in interest.

Because Ohio law does not recognize ownership of the real estate by a trust in this matter, Zipkin in his capacity as Trustee, is not a real party in interest pursuant to Fed. R. Civ. P. 17(a)(1).  This entire suit should be dismissed.

        **C.**        **Count One of Plaintiff's Complaint is barred by the Statue of Limitations.**

Should this Court find that Plaintiff is a real party in interest, Count One of the Complaint still should be dismissed as a matter of law.

State law governs the statute of limitations for 42 U.S.C. 1983 claims.    *Robertson v. Tennessee* 399 F.3d 792, 794 (6th Cir. 2005) Under Ohio law, the statute of limitations is two years.  *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989).   Federal law governs when the statute accrues. Claims alleging Fourth Amendment violations based on an illegal search accrue on the date of the search. *Wallace v. Kato,* 549 U.S. 384, 388, (2007) (*Harper v. Jackson*, 293 Fed.Appx. 389, 391 n.1 (6th Cir. 2008) *See also*, *Starnes v. Stout*, 2015 U.S. Dist. LEXIS 121395 *15 (S.D. Ohio) (Fourth Amendment claim based on a warrantless search accrues on the date of the search.); *Pethel v. Washington Cnty Sheriff's Office* 2007 U.S. Dist. LEXIS 60106* 23-24 (S.D. Ohio) (Fourth Amendment claim based on warrantless search of truck without consent time-barred as plaintiff had a complete and present cause of action on the date of the search.)

In this case, plaintiff alleges his Fourth Amendment rights were violated when Balester conducted an exterior inspection of the property without his consent or a warrant on April 3, 2013 and May 9, 2013.  Accordingly, the latest the statute of limitations could have accrued was

May 9, 2013.  Plaintiff's Complaint, however, was not filed until December 4, 2015, seven months after the statute expired.

Accordingly, Count One of his Complaint is time barred, and should be dismissed, with prejudice.

**D.  Plaintiff's Complaint Fails to State a Claim for an Equal Protection Violation.**

To state a claim under the Equal Protection clause, Plaintiff must allege disparate treatment of similarly situated individuals that either burdens a fundamental right, targets a suspect class, or has no rational basis. *Paterek v. Village of Armada*, 801 F.3d 630 (6th Cir. 2015) citing *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 379 (6th Cir. 2011). In this case, plaintiff does not claim membership in a suspect class, nor the implication of a fundamental right.  Instead, Plaintiff alleges that he was treated differently than similarly situated commercial property owners for no rational basis. (Complaint, ¶¶ 49, 55).

To sustain this type of equal protection claim (commonly known as a class-of-one claim) Plaintiff must establish that: (1) he has been treated differently than others similarly situated; and (2) there is no rational basis for the difference in treatment. *Vill. Of Willowbrook v. Olech* 528 U.S. 562, 564  (2000).  Adopting the Seventh Circuit's analysis, the Sixth Circuit has held that, "to be similarly situated, the challenger and his comparators must be *prima facie* identical in all relevant respects or directly comparable…in all material respects."  *United States v. Green,* 654 F.3d 637, 650 (6th Cir. 2011) citing *United States v. Moore*, 543 F.3d 891 (7th Cir. 2008) *See also*, *Paterek v. Village of Armada*, *supra* at 650 ("'Similarly situated' is a term of art—a comparator business must be similar in 'all relevant respects'".)

To sustain this burden, Plaintiff must allege more than his personal belief. *See, Ross v. Duggan*, 402, F.3d 575, 599 (6th Cir. 2005) citing *Chappell v. GTE Products, Corp.* 803 F.2d

261, 268 (6th Cir. 1986).  ("Mere personal beliefs, conjecture, and speculation are insufficient to support a triable factual inference.")  Here, Plaintiff alleges only that he has observed other properties in "worse condition" that were not criminally cited.  Plaintiff does not identify those properties, the alleged violations, or otherwise provide facts that would establish that the properties are directly comparable in all relevant respects. "When a Complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume those facts do not exists." *Glusstetter v. Rehabilitation Services Commission,* 2008 U.S. Dist. LEXIS 25070 (S.D. Ohio) citing *Scherd v. Fanny Farmer Candy Shop, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988).  Here, Plaintiff has failed to allege any <u>facts</u> to support his claim that similarly situated individuals were treated differently.

Accordingly, Count Two should be dismissed, with prejudice.

**D.  The City of South Euclid is immune from claims asserted against it in Count Three.**

Count Three of Plaintiff's Complaint asserts that the City of South Euclid had a policy, custom and/or practice which enabled Balester and Kowalczyk to violate his constitutional right to Due Process and Equal Protection.[4]

Federal law prohibits any person acting under color of law from depriving another of any right, privilege, or immunity granted by the constitution. 42 U.S.C. § 1983. In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court ruled that municipalities are "persons" to whom 42 U.S.C. § 1983 applies. However, § 1983 "does not permit a plaintiff to sue a local government entity on a theory of respondeat superior." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (citing  [*12] Monell, 436 U.S. at 692-94). A municipality can only be held liable under § 1983

---

[4] The Complaint is muddled in its assertions, as ¶55 of the Complaint alleges only Plaintiff's Equal Protection right, but ¶57 also includes his right of Due Process.

for its own wrongdoing. *Id*. "It is only when the 'execution of the government's policy or custom inflicts the injury' that the municipality may be held liable under § 1983." *City of Canton v. Harris*, et al., 489 U.S. 378, 386, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (citing *Springfield v. Kibbe*, 480 U.S. 257, 267, 107 S. Ct. 1114, 94 L. Ed. 2d 293 (1987) (O'Connor, J., dissenting) (quoting *Monell*, 436 U.S. at 694). Therefore, there must be a direct causal link between the city's policy and the constitutional deprivation. *Id*.

In other words, "To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010).

In reviewing the substantive allegations of Plaintiff's Monell claim asserted in Count Three, ¶55, sub-paragraphs c through i of the Complaint sets forth seven (7) factual allegations which constitute failure to train or failure to supervise claims. These flow from factual allegations and the causes of action asserted against Balester and Kowalczyk, individually, in Counts One and Two. The remaining two (sub-paragraphs a and b of ¶55) do not involve any type of constitutional violation.

It is well established that, before a local government entity can be liable under *Monell*, a plaintiff must prove an underlying constitutional violation by a government employee. "A finding that [plaintiff] suffered an actual violation of his constitutional rights at the hands of the defendant officers... [is] a necessary prerequisite to a finding of liability against the municipal defendants." *Tinch v. City of Dayton*, No. 94-3436, 1996 U.S. App. LEXIS 5716, 1996 WL 77445, at *3 (6th Cir.), cert. denied, 519 U.S. 862, 117 S. Ct. 168, 136 L. Ed. 2d 110 (1996); see also *Bonilla v. Jaronczyk*, 354 Fed.App'x. 579 (2nd Cir. 2009) (finding that there was no basis to

consider municipal liability because individual liability was a prerequisite for municipal liability under *Monell*); *D'Ambrosio v. Marino*, No. 1:11 CV 933, 2013 U.S. Dist. LEXIS 10100, 2013 WL 256312 (N.D. Ohio Jan. 23, 2013) (noting that an underlying constitutional violation is a prerequisite to a finding of liability  [*48] under *Monell*); *Dahm v. City of Miamisburg*, No. C-3-95-207, 1997 U.S. Dist. LEXIS 23766, 1997 WL 1764770, at *13 (S.D. Ohio 1997) ("It is axiomatic that in order to establish municipal liability, the plaintiff must first establish an underlying constitutional violation.").

In this case, for the reasons set forth above, Plaintiff's claims set forth in Count One and Two, as plead, fail to establish an underlying constitutional violation by Balester and/or Kowalczyk or any other unnamed City official. Therefore, the City of South Euclid cannot be held liable under Section 1983 based on any *Monell* theory of liability.

Accordingly, the Court should dismiss Count Three of Plaintiff's Complaint, with prejudice. *Accord*, *Ford v. Alexander*, 2013 U.S. Dist. LEXIS 40273, 46-48 (N.D. Ohio 2013).

### E.  Class Action is not an appropriate remedy.

For the sake of brevity, Plaintiff is not entitled to injunctive relief or class action status for the same reasons as are asserted in Section D hereinabove – as Plaintiff has no valid claim against any of the defendants, he is not entitled to injunctive relief or class action status.  The relief he seeks in Count Four is wholly dependent upon the existence of his underlying claims in Counts One and Two.

Since neither of said Counts is actionable against the defendants, the Court should dismiss Count Four of Plaintiff's Complaint, with prejudice.

13

Furthermore, should this motion be denied, it will be incumbent upon Plaintiff to seek class certification.  Defendants reserve the right to oppose said class action status per Fed. R. Civ. P. 23.

**F.  Any Claims That Are Not Dismissed Should Be Stayed Pursuant to the *Younger* Doctrine.**

The *Younger* doctrine provides that District Courts should abstain from exercising jurisdiction when the federal plaintiff is a party to a state proceeding that:  (1) is currently pending; (2) involves an important state interest; and (3) affords plaintiff an adequate opportunity to raise constitutional claims.  *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998), citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n* 457 U.S. 423 (1982).  Where, as here, both equitable and legal relief is sought, the Court should stay, rather than dismiss the Complaint. *James v. Hilliard Hampton*, 513 Fed. Appx 471, 476 (6th Cir. 2013)

The criminal charges currently pending against Plaintiff in the South Euclid Municipal Court satisfy the three requirements for *Younger* abstention. First, the criminal proceeding was pending at the time the within Complaint was filed. Second, the criminal proceeding involves the important state interest of enforcing its building code. *Cf. Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (City's enforcement action involved important state interest in enforcing state and local housing codes.); *Nimer v. Litchfield Township*, 707 F.3d 699, 701(6th Cir. 2013) (City has substantial interest in enforcing its zoning laws.)

Third, Plaintiff can, and indeed has, raised his constitutional claims in the state proceeding. Accordingly, should the Court decline to dismiss any of plaintiff's claims.  Those claims should be stayed pending resolution of the South Euclid criminal complaint currently pending against Plaintiff.

## IV.  CONCLUSION

For all the foregoing reasons, Defendants the City of South Euclid, Walter Balester and Paul Kowalczyk urge the Court to dismiss Plaintiff's Complaint, with prejudice, or in the alternative to stay the proceedings.

Respectfully submitted,

/s/ Michael E. Cicero
MICHAEL E. CICERO (0058610)
AMY BERMAN HAMILTON (0040268)
NICOLA, GUDBRANSON & COOPER, LLC
Landmark Office Towers
1400 Republic Building
25 W. Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 621-7227
Fax:    (216) 621-3999
Email: cicero@nicola.com
          hamilton@nicola.com

Attorneys for Defendants

The City of South Euclid, Walter Balester, and Paul Kowalczyk

15

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2016, a copy of the foregoing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Michael E. Cicero
MICHAEL E. CICERO (0058610)
AMY BERMAN HAMILTON (0040268)